United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, AND ITS JOINT BOARD OF TRUSTEES ET AL,<br><br>    Plaintiffs,<br><br>    v.<br><br>GOLDEN VAS PAINTING ET AL,<br><br>    Defendants.<br>_____/ | No. C-10-02923 CW (DMR)<br><br>**ORDER REGARDING SUPPLEMENTAL INFORMATION AND CONTINUING HEARING DATE ON MOTION FOR DEFAULT JUDGMENT** |

Notice is hereby given that the hearing on Plaintiff's Motion for Default Judgment, previously set for February 10, 2011, has been continued to **February 24, 2011 at 11:00 a.m.** Further, having reviewed Plaintiffs' Motion for Default Judgment (Docket No. 19), this Court hereby orders Plaintiffs to submit supplemental evidence and information in support of the Motion as follows, **by no later than February 9, 2011:**

(1) Facts establishing a) that substitute service of the Complaint (Docket No. 1) on Defendant Vasilatos was a proper method of service, including an explanation of why the Complaint could not be personally served on Defendant Vasilatos, and b) that service on Defendant Vasilatos was properly effected by delivery to Bill Lee as the owner of the UPS Store;

(2) A more detailed accounting sufficient to support Plaintiffs' requested award of reasonable attorneys' fees for litigating this action, such that the Court may determine whether the time spent was "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434, (1983); *see also* Civ. L.R. 54-5;

(3) An accounting of the actual amounts sought by Plaintiffs for underpayments, liquidated damages, interest, and audit testing fees resulting from the audit on Defendants' records for the period of September 1, 2009 through April 30, 2010;

(4) Clarification of the exact amounts of liquidated damages Plaintiffs seek for late paid contributions vs. unpaid contributions. If Plaintiffs seek an award of liquidated damages for late paid contributions, Plaintiffs shall submit supplemental briefing to support their entitlement to liquidated damages for said contributions. *See Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc*., 875 F.2d 212 (9th Cir. 1989) (holding liquidated damages provision of labor agreement assessing 20% of amount due was unenforceable); and

(5) Clarification of the inconsistencies in the number of employees per month listed in the exhibits to the Declarations of Carolyn Young-Tem and Janet Dominguez (Docket Nos. 22 & 23). For example, Exhibit A to Ms. Young-Tem's declaration indicates that there was at least one employee in October 2009, which is not supported by Exhibit A to Ms. Dominguez' declaration.

The Court notes that although the factual contentions of the operative complaint must be accepted as true when determining the liability of a defaulting defendant, this rule does not apply to statements regarding damages. *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977). A plaintiff must establish damages in default proceedings.

Immediately upon receipt of this Order, Plaintiffs shall serve a copy of this Order on Defendants and shall e-file a proof of service on the same day that service is effected. At the same time Plaintiffs' supplemental information as ordered herein is submitted to the Court, Plaintiffs shall serve Defendants with a copy of the supplemental information and file a proof of service with the Court. Service by Plaintiffs may be made by mail.

1   IT IS SO ORDERED.

3   Dated:  January 28, 2011



DONNA M. RYU
United States Magistrate Judge