United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, AND ITS JOINT BOARD OF TRUSTEES ET AL,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDEN VAS PAINTING ET AL,<br><br>Defendants.<br>_____/ | No. C-10-02923 CW (DMR)<br><br>**ORDER REGARDING ADDITIONAL SUPPLEMENTAL INFORMATION AND CONTINUING HEARING DATE ON MOTION FOR DEFAULT JUDGMENT** |

Notice is hereby given that the hearing on Plaintiff's Motion for Default Judgment, previously set for February 24, 2011, has been continued to **March 10, 2011 at 11:00 a.m.** Having reviewed the Supplemental Declaration of Michele R. Stafford in support of Plaintiffs' Motion for Default Judgment (Docket No. 33), this Court hereby orders Plaintiffs to submit additional supplemental evidence and information in support of the Motion as follows, **by no later than February 22, 2011:**

(1) In the Court's January 28, 2011 Order Regarding Supplemental Information, the Court ordered Plaintiffs to submit facts establishing that substitute service of the Complaint (Docket No. 1) on Defendant Vasilatos was a proper method of service, including an explanation of why the Complaint could not be personally served on Defendant Vasilatos. Plaintiffs did not comply with the Order. Plaintiffs are hereby given one more opportunity to submit all facts and legal argument that Plaintiffs were

reasonably diligent in attempting to personally serve Defendant Vasilatos, rendering substitute service of the Complaint on Bill Lee as the owner of the UPS Store effective. *See Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995). Plaintiffs will not be given additional opportunities to submit evidence in support of their position that service on Defendant Vasilatos was adequately effected.

(2) A more detailed accounting of the amounts of time spent by counsel and support staff on particular tasks, sufficient to support Plaintiffs' requested award of reasonable attorneys' fees for litigating this action.

(3) Given that Plaintiffs have clarified that they do seek an award of liquidated damages for late paid contributions, provide clarification of the *exact amounts* of liquidated damages Plaintiffs seek for late paid contributions vs. unpaid contributions. Plaintiffs shall also submit legal argument, including facts and applicable case law, to support their entitlement to liquidated damages for said contributions. *See Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc.*, 875 F.2d 212 (9th Cir. 1989) (holding liquidated damages provision of labor agreement assessing 20% of amount due was unenforceable).

Immediately upon receipt of this Order, Plaintiffs shall serve a copy of this Order on Defendants and shall e-file a proof of service on the same day that service is effected. At the same time Plaintiffs' additional supplemental information as ordered herein is submitted to the Court, Plaintiffs shall serve Defendants with a copy of the additional supplemental information and file a proof of service with the Court. **The Court notes that Plaintiffs have failed to comply with the Court's previous order to file a proof of service of the supplemental information on Defendants with the Court. Plaintiffs are therefore ordered to immediately comply with the Court's order and e-file a proof of service.**

IT IS SO ORDERED.

Dated: February 14, 2011



_____
DONNA M. RYU
United States Magistrate Judge

2