United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND AND ITS JOINT BOARD OF TRUSTEES ET AL,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDEN VAS PAINTING ET AL,<br><br>Defendants.<br>_____/ | No. C-10-02923 CW (DMR)<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

Plaintiffs are the Bay Area Painters and Tapers Pension Trust Fund, its Joint Board of Trustees, and Les Proteau and Charles Del Monte in their capacities as trustees of the trust fund; District Council 16 Northern California Health and Welfare Trust Fund, its Joint Board of Trustees, and Doug Christopher and John Maggiore in their capacities as trustees of the trust fund; District Council 16 Northern California apprentice and Journeyman Training Trust Fund, its Joint Board of Trustees, and Doug Christopher and Marion Bourboulis in their capacities as trustees of the trust fund (collectively, "Trust Funds"); and District Council 16 of the International Union of Painters and Allied Trades ("Union"). Plaintiffs filed suit against Defendant Golden Vas Painting, a California Partnership; Defendant Christina Margaret Vasilatos, individually and as qualifying partner ("Defendant Vasilatos"); and Defendant Heleni Maria Tofavaha, individually and as qualifying partner ("Defendant Tofavaha"), as employers pursuant to the Employee Retirement Income

Security Act ("ERISA"), *see* 29 U.S.C. §§ 1132, 1145, and the National Labor Relations Act ("NLRA"), *see* 29 U.S.C. § 185, alleging Defendants' failure to make required contributions to the Trust Funds jointly managed by Union and employer representatives pursuant to a collective bargaining agreement.

After Defendants failed to respond to Plaintiffs' complaint, default was entered on November 5, 2010. *See* Docket No. 15. Plaintiffs thereafter moved for default judgment. *See* Docket Nos. 19 & 20. On January 28, 2011 and February 14, 2011, this Court ordered Plaintiffs to submit supplemental information in support of their application. *See* Docket Nos. 31 & 34. On February 8, 2011 and February 22, 2011, Plaintiffs filed the requested supplemental information. *See* Docket Nos. 33 & 36. On March 10, 2011, the Court held a hearing on Plaintiffs' application. Attorney Michele R. Stafford appeared on behalf of Plaintiffs. Subsequently, Plaintiffs filed an additional declaration to supplement oral argument. *See* Docket No. 40. Plaintiffs were required to serve Defendants with a copy of the Court's orders regarding the submission of supplemental materials, Plaintiffs' supplemental submissions, and notice of the March 10, 2010 hearing. Plaintiffs served Defendants accordingly. Defendants did not submit any form of opposition, and did not make any appearance in this action.

For the reasons stated below, it is recommended that the Court grant Plaintiffs' Motion for Default Judgment in part, and enter default judgment against Defendant Golden Vas Painting in the amount of $20,474.46. It is further recommended that the Court deny Plaintiffs' Motion for Default Judgment against Defendants Tofavaha and Vasilatos without prejudice.

## I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs filed suit against Defendants on July 2, 2010. *See* Docket No. 1 (Complaint). In their Complaint, Plaintiffs allege that the Trust Funds are employee benefit plans or the fiduciaries of the Trust Funds within the meaning of ERISA. *See* Compl. ¶¶ 1, 2. Plaintiffs also allege that the Union is a labor organization within the meaning of NLRA, 29 U.S.C. § 152(5). *See* Compl. ¶ 4.

Plaintiffs allege that the Union and Defendant Golden Vas Painting entered into a Project Labor Agreement ("Bargaining Agreement") which requires the monthly payment of contributions to the Union and the Trust Funds, who are the third party beneficiaries, based upon hours worked by

its employees. *See* Compl. ¶¶ 12, 14. The plans of the Trust Funds are administered at their principal place of business in Alameda County, California. *See* Compl. ¶ 9. Plaintiffs further allege that Defendants failed to report or make the necessary contributions as required by the Bargaining Agreement for the months of April and May 2010. *See* Compl. ¶ 18. Finally, Plaintiffs allege that they are entitled to recover any additional owed contributions, liquidated damages and interest payable on late or unpaid contributions, and reasonable attorneys' fees and costs pursuant to the Bargaining Agreement. *See* Compl. ¶ 18, Prayer at 6, 7.

Under the Bargaining Agreement, an employer is required to make fringe benefit contributions to the Union and Trust Funds for work performed by covered employees at rates set forth by the agreement. Docket No. 21, Declaration of Michele R. Stafford in Support of Motion for Default Judgment ("Stafford Decl. 1") Ex. A-1 & A-2 (Bargaining Agreement and Agreement of Employers Regarding Bay Area Painters and Tapers Trust Funds); Ex. B-1 & B-2 (excerpt of Northern California Painters Master Agreement), Article 17; Ex. C (excerpt of District Council 16 Northern California Health and Welfare Trust Fund Agreement), Article III. Contributions are considered delinquent if not received by the end of the month following the hours worked. Docket No. 22, Declaration of Carolyn Young-Tem in Support of Motion for Default Judgment ("Young-Tem Decl.") ¶ 2; Stafford Decl. 1 Ex. C, Article III, Section C(1). In the case of delinquent contributions, the Bargaining Agreement mandates that Defendants pay interest on the delinquent contributions, attorneys' fees and costs, and liquidated damages. Stafford Decl. 1 ¶ 4, Ex. C, Article III, Sections C(2) & (3), and Section E.

Liquidated damages shall be an amount equal to either: (1) 20% of the delinquent contributions or $150.00, whichever is greater, or (2) if an employer pays its delinquent contributions prior to the filing of a lawsuit, 10% of the delinquent contributions, with a maximum of $750.00 and minimum $150.00 per month. Stafford Decl. 1 ¶ 4, Ex. C, Article III, Section C(2). In addition, interest accrues on delinquent contributions at a rate of 5% per annum. Stafford Decl. 1 ¶ 4.

Where the employer fails to make required contributions under the Bargaining Agreement, the employer is also liable for costs incurred in connection with the delinquency, including

3

attorneys' fees. Stafford Decl. 1 ¶ 4, Ex. C, Article III, Section E. Defendant Golden Vas Painting assented to the terms of the Bargaining Agreement, which incorporates the Northern California Painters Master Agreement and the District Council 16 Northern California Health and Welfare Trust Fund Agreement, on March 18, 2009. Stafford Decl. 1 ¶ 3, Exs. A, B, & C.

In their motion for Default Judgment, Plaintiffs ask that the Court order Defendants to pay delinquent contributions owed, liquidated damages, interest, and attorneys' fees and costs including audit testing fees. Plaintiffs assert that as of December 2, 2010, Defendants owe Plaintiffs $6,158.41 in fringe benefit contributions, liquidated damages, and interest. Plaintiffs also seek $729.40 in costs, $1,754.00 in audit testing fees and $12,041.50 in attorneys' fees. *See* Docket No. 20.

## II. DISCUSSION

### A. Jurisdiction and Adequacy of Service of Process

When entry of default is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). In addition, as a preliminary matter, a court must "assess the adequacy of service of process on the party against whom default is requested." *Board of Tr. of the N. Cal. Sheet Metal Workers v. Peters*, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001).

As Plaintiffs' complaint alleges an ERISA violation under 29 U.S.C. §§ 1132 and 1145, this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1001. Plaintiff Trust Funds are administered in this District, and Defendants are also located in the District; therefore this Court has personal jurisdiction over the parties. *See* 29 U.S.C § 1132(e)(2) (ERISA provision permits an enforcement action to be brought in federal court in a district "where the plan is administered...or where a defendant resides or may be found").

Regarding the adequacy of service of process, Rule 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A) (authorizing service of process on partnerships "in the manner prescribed by Rule 4(e)(1) for serving an individual"). Under California law, "[a] summons may be served by

4

personal delivery of a copy of the summons and of the complaint to the person to be served." Cal. Code Civ. Proc. § 415.10. Alternatively,

> "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left."

Cal. Code Civ. Proc. § 415.20(b). A summons can be served on a partnership "by delivering a copy of the summons and of the complaint . . . to the person designated as agent for service of process . . . or to a general partner or the general manager of the partnership." Cal. Code Civ. Proc. § 416.40(a).

The Court has reviewed the proofs of service and finds that the summons and Complaint were properly served on Defendant Golden Vas Painting and Defendant Tofavaha with personal service. *See* Docket No. 5. Plaintiffs have submitted evidence that Defendant Tofavaha is a general partner of Defendant Golden Vas Painting, and thus, service of the complaint on her in her capacity as a general partner of Defendant Golden Vas Painting was proper to effect service on that entity. *See* Stafford Decl. 1 ¶ 7, Ex. D.

As to Defendant Vasilatos, Plaintiffs argue that service of the summons and complaint was properly effected using substitute service at a UPS store pursuant to California Code of Civil Procedure section 415.20(b). Under California law, substitute service on a commercial post office box is effective when the facts suggest that diligent efforts at personal service were undertaken and no other reasonable means of service are available. *See Ellard v. Conway*, 94 Cal. App. 4th 540, 545-47 (2001). Here, Plaintiffs clarified that the UPS store address was the only address that they were able to locate for Defendant Vasilatos, as the UPS store address was the only address she had provided to the Contractors State Licensing Board (CSLB). Further, there was no other address listed for her in the Lexis database. *See* Docket No. 33, Supplemental Declaration of Michele R. Stafford in Support of Motion for Default Judgment ("Stafford Decl. 2") ¶ 5; Docket No. 36, Second

5

Supplemental Declaration of Michele R. Stafford in Support of Motion for Default Judgment ("Stafford Decl. 3") ¶¶ 5, 9. Moreover, the process server attempted to personally serve Defendant Vasilatos at the address of Defendant Golden Vas Painting and Defendant Tofavaha, but was unsuccessful. *See* Stafford Decl. 3 ¶ 8. There is no indication in the record that other reasonable means of service were available. Therefore, the Court concludes that service of process was properly effected as to all Defendants.

### B.   *Eitel* Analysis

As noted above, Defendants' default was entered on November 5, 2010. *See* Docket No. 15. After entry of a default, a court may grant a default judgment on the merits of the case. *See* Fed. R. Civ. P. 55. A court, however, may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. *See* Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521. None of the Defendants are minors, incompetent persons, or persons in military service. *See* Stafford Decl. ¶ 27. Accordingly, the Court turns to the merits of the case.

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors that a court may consider in exercising that discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon entry of default, the factual allegations within the complaint are accepted as true, except those relating to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir.1987). Necessary facts not contained in the pleadings and claims which are legally insufficient are not established by default. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

### 1.   Defendant Golden Vas Painting

As to Defendant Golden Vas Painting, many of the above factors weigh in favor of default judgment. For example, if the Court denies the Motion for Default Judgment, then Plaintiffs would

likely be without a remedy and thus prejudiced. *See Walters v. Shaw/Guehnemann Corp.*, No. C-03-04058 WHA, 2004 U.S. Dist. LEXIS 11992, at *7 (N.D. Cal. Apr. 15, 2004) ("To deny plaintiff's motion [for default judgment] would leave them without a remedy. Prejudice is also likely in light of the merits of their claims."). In addition, there is little to suggest a possibility of a dispute concerning material facts because Defendants have not filed an answer to Plaintiffs' complaint. It is also unlikely that the default was due to excusable neglect, given that counsel for Plaintiffs and Defendant Golden Vas Painting[1] had numerous discussions in writing and by telephone regarding amounts due after service of the summons and Complaint. Plaintiffs also received a letter from a lawyer who stated he had reviewed the Complaint.[2] Even after this communication, Defendants still did not file any response to the Complaint. *See* Stafford Decl. 1 ¶¶ 14-21, Exs. H, J, K & L.

Plaintiffs have adequately stated a claim for relief against Golden Vas Painting. The elements of a claim for unpaid contributions are as follows: (1) the trust fund is a multi-employer plan as defined by 29 U.S.C. 1002(37)(A); (2) the defendant is an employer obligated to contribute under the plan's terms; and (3) the defendant failed to contribute in accordance with the plan. *Walters*, 2004 U.S. Dist. LEXIS 11992, at *7. Here, the complaint alleges facts in support of finding every necessary element regarding Defendant Golden Vas Painting. According to the complaint, the Trust Funds were set up as employment-benefit plans. Under ERISA, "employer means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." 29 U.S.C. § 1002(5); *see also* 29 U.S.C. § 152(2). "The term 'person' [includes a] . . . partnership . . ." 29 U.S.C. § 1002(9). Therefore, Defendant Golden Vas Painting, a California partnership, is an employer under ERISA. Defendant Golden Vas Painting agreed to report and contribute fringe benefits to Trust Funds, and thereafter, breached its contractual obligations by failing to report and contribute to the Trust Funds. Accepting all factual contentions as true at this

---

[1] According to Plaintiffs, Plaintiffs' counsel had discussed the delinquency with Michael Dearmore, Manager of Defendant Golden Vas Painting, on a number of occasions. Mr. Dearmore is a signatory to the Bargaining Agreement and is married to Defendant Tofavaha. *See* Stafford Decl. 1 ¶ 3, Exs. A-1 & A-2; Stafford Decl. 2 ¶ 10.

[2] It is unclear which of the Defendants the lawyer represented.

1 stage of default, Plaintiffs have made a strong showing of likelihood of success on the merits as to
2 Defendant Golden Vas Painting.

3 Taking into account the foregoing *Eitel* factors, the Court recommends that the Motion for
4 Default Judgment against Defendants Golden Vas Painting be granted.

### 2. Defendants Tofavaha and Vasilatos

The Court finds that some important *Eitel* factors weigh against granting the Motion for Default Judgment as to Defendants Tofavaha and Vasilatos, given that the Complaint does not allege necessary factual support for the individual Defendants' roles as "employers" in relation to the employee benefit plan. Specifically, the second and third *Eitel* factors (the merits of Plaintiffs' claim and the sufficiency of the complaint), as well as the fifth factor (the possibility of a dispute concerning material facts), weigh against default judgment because Plaintiffs have not sufficiently established that Defendants Tofavaha and Vasilatos are, in their individual capacities, "employer[s]" within the meaning of ERISA who are thereby obligated to contribute under the plan's terms.

"[E]mployer means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." 29 U.S.C. § 1002(5); *see also* 29 U.S.C. § 152(2). Here, Plaintiffs' Complaint contains a sole conclusory statement describing Defendants Tofavaha and Vasilatos as "Qualifying Partner[s]", and naming them as "employers by virtue of ERISA . . . ." *See* Compl. ¶ 5. However, the Complaint does not contain a single factual allegation that supports the otherwise conclusory statement that the two individuals are "employers" within the specific meaning of the ERISA statute. With respect to motions for default, "well-pleaded" non-damage related allegations are accepted as true. *See TeleVideo Sys., Inc., supra,* 826 F.2d at 917-18. But a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Huynh,* 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F2d 1200, 1206 (5th Cir. 1975)).

The record contains only one document that makes reference to the two individual Defendants. Plaintiffs provided a computer printout from the CSLB website entitled "Contractor's License Detail" for Golden Vas Painting. The printout indicates that Defendant Vasilatos is a "qualifying partner" and Defendant Tofavaha is a "general partner" for purposes of Golden Vas

8

Painting's contractor's license. *See* Stafford Decl. 1 ¶ 7, Ex. D. However, Plaintiffs have not provided any explanation about the connection between the Defendants' titles for licensing purposes and how, if at all, they relate to liability as employers under ERISA.

More importantly, neither Tofavaha nor Vasilatos is a signatory to the Bargaining Agreement; all of the agreements were executed by Michael Dearmore, a manager of Defendant Golden Vas Painting. *See* Stafford Decl. 1 ¶ 3, Exs. A-1 & A-2.

Finally, the record contains a statement that tends to cast doubt on whether Defendant Vasilatos meets ERISA's specific definition of "employer." In response to the Court's request, Plaintiffs provided supplemental information to support its claim that service properly had been effected on Defendant Vasilatos. As part of that submission, Plaintiffs' counsel stated that "[t]he process server was told that Christina Vasilatos did not live at the 139 Auden Street address and has nothing to do with the business other than being a partner and the qualifying individual for purposes of the CSLB license." Stafford Decl. 3 ¶ 8, 3:23-25.

When specifically questioned at the hearing on March 10, 2011, Plaintiffs provided no additional information to support their claim that the individual Defendants are "employers" for purposes of ERISA liability. Instead, Plaintiffs' counsel represented to the Court that Plaintiffs named Tofavaha and Vasilatos as individual defendants solely on the basis of their status as partners in the partnership. In a subsequent unsolicited declaration submitted in support of the Motion, Plaintiffs' counsel represented that she did not find cases specifically holding that a partner in a partnership is *per se* an "employer" under the ERISA statute.[3] Plaintiffs rest on the conclusory statement, without factual or legal support, that "the individual partners of a partnership are acting in the interest of the employer and thus are employers under the meaning of ERISA." Docket No. 40,

---

[3] Counsel explained that she found "numerous cases" discussing situations where partners of a partnership were treated as employers, apparently without analysis. Counsel clarified that "[t]he cases primarily discuss whether a partner . . . of a partnership can . . . be a beneficiary under an ERISA governed plan." Stafford Decl. 4 ¶ 5. Thus, the cases do not address the question of whether a partner *automatically* should be deemed an "employer" under the relevant statute, solely by virtue of partner status and without any further showing that the partner acted directly or indirectly as an employer in relation to an employee benefit plan.

9

1 Declaration of Michele R. Stafford to Supplement Oral Argument in Support of Motion for Default
2 Judgment ("Stafford Decl. 4") ¶¶ 5, 6.

3 In sum, Plaintiffs have provided no factual or legal support that Defendants Tofavaha and
4 Vasilatos have met the statutory definition by "acting directly as an employer, or indirectly in the
5 interest of an employer *in relation to an employee benefit plan."* 29 U.S.C. § 1002(5) (emphasis
6 added). Thus, the Court has substantial doubt as to whether the individual Defendants are
7 "employers" subject to suit under ERISA. *See Dist. Council 16 N. Cal. Health and Welfare Trust*
8 *Fund v. Alvarado*, No. 09-02552 CW, 2010 WL 2765522 (N.D. Cal. July 13, 2010) (defendant
9 subcontractor's motion to set aside default judgment granted on the grounds that defendant was not
10 culpable and had alleged facts sufficient to present a meritorious defense that he was not an
11 employer under ERISA; defendant alleged that he did not exercise adequate control over employees'
12 working hours, assignments and compensation).

13 Additionally, the seventh factor -- the policy favoring decisions on the merits -- clearly
14 weighs against entering default judgment. Regarding the first factor, the Court notes that, in light of
15 other factors, it is not *unduly* prejudicial to Plaintiffs given that the Court recommends granting the
16 Motion for Default Judgment against Defendant Golden Vas Painting in this case,[4] and recommends
17 that the motion be denied *without prejudice* with respect to the individual Defendants.

18 Considering all the *Eitel* factors, the Court recommends that the Motion for Default
19 Judgment against Defendants Tofavaha and Vasilatos be denied without prejudice.

20 **C.    Damages**

21 Because the Court concludes that default judgment against Defendants Golden Vas Painting
22 is warranted, it must determine what damages are appropriate. Under 29 U.S.C. § 1132(g)(2), a plan
23 that obtains judgment in its favor in a Section 1145 claim is entitled to an award of (A) the unpaid
24 contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of the
25 interest on the unpaid contributions or liquidated damages as specified in the plan (generally not to
26 exceed 20 percent of the unpaid contributions), (D) reasonable attorneys' fees and costs, and (E)

---

28 [4] This opinion does not address the question of the individual partners' liability for any judgment against the partnership.

other appropriate legal or equitable relief. *See* 29 U.S.C. § 1132(g)(2); *see also* Compl. at 6-7 (prayer for relief, asking for unpaid contributions, liquidated damages, interest, attorneys' fees and costs, injunctions, and other appropriate relief). In their Motion for Default Judgment, Plaintiffs ask for unpaid contributions, interest, liquidated damages, and attorneys' fees and costs of suit and audit testing fees.

### 1. Unpaid Contributions

Plaintiffs seek a total of $3,585.10 in unpaid contributions, of which $2,818.66 represents contributions for unreported hours in the months of September 2009 through April 2010, and $766.44 represents contributions for reported but unpaid hours in the months of August 2010 and September 2010. "Courts in this district have held that a plaintiff may receive a judgment for contributions which became due after the lawsuit was filed and remain unpaid at the time of judgment." *Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Plaintiffs have provided sufficient evidence to support this request. *See* Young-Tem Decl. Ex. A; Docket No. 23, Declaration of Janet Dominguez in Support of Motion for Default Judgment ("Dominguez Decl."); Stafford Decl. 2, Ex. H.

Accordingly, the Court recommends that Plaintiffs be awarded $3,585.10 in unpaid contributions.

### 2. Liquidated Damages

The Bargaining Agreement provides for liquidated damages of 10%, with a maximum of $750.00 and minimum $150.00 per month, or after a lawsuit has been filed, 20% of the unpaid balance.[5] Stafford Decl. Ex. C, Article III, Section C(2). Plaintiffs seek liquidated damages in the amount of $2,406.84, of which $281.87 represents liquidated damages for unreported and unpaid hours for the months of September2009 through April 2010, $1,937.69 represents liquidated damages for reported but unpaid/late-paid hours for the months of February 2010 through May 2010, and $187.28 represents liquidated damages for reported but unpaid/underpaid hours for the months

---

[5] Plaintiffs are not seeking to apply the minimum amount of liquidated damages of $150.00 after the filing of a lawsuit.

of August and September 2010.  *See* Young-Tem Decl. Ex. A; Dominguez Decl.; Stafford Decl. 2 Ex. H.

Plaintiffs may recover liquidated damages for unpaid contributions which fell due *after* the complaint was filed because requiring trust funds "to file multiple lawsuits to recover post-complaint liquidated damages...would needlessly burden the parties and the courts. . . [and]. . . would undermine policy goals of deterring ERISA violations and of recompensing prevailing plans." *Roofers Local Union No. 81 v. Wedge Roofing, Inc.*, 811 F. Supp. 1398, 1401-02 (N.D. Cal. 1992). As to late-paid contributions, Plaintiffs are entitled to liquidated damages and interest under a breach of contract claim pursuant to federal common law. *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 217 (9th Cir. 1989).  A liquidated damages provision in a contract "must meet two conditions for enforceability...[f]irst, the harm caused by a breach must be very difficult or impossible to estimate [and] [s]econd, the amount fixed must be a reasonable forecast of just compensation for the harm caused." *Id*.  Here, the harm caused by the breach is difficult to estimate because Plaintiffs must perform a variety of administrative, accounting, and legal actions when delinquencies occur.  *See* Stafford Decl. 1 Ex. C, Article III, Section C.  In particular, the Bargaining Agreement entered into by the parties provides that delinquent contributions potentially cause the damages of inability to pay benefits under the plan, which is very difficult to estimate in advance.  *See id.*  Second, the Court finds that 10% of late-paid contributions is a reasonable forecast of just compensation for the potential harm.  *See United Order of Am. Bricklayers & Stone Masons Union No. 21 v. Thorleif Larsen & Son, Inc.*, 519 F.2d 331 (9th Cir. 1975) (upholding liquidated damages provision in collective bargaining agreement of ten percent).

Plaintiffs have provided sufficient evidence to support their request for liquidated damages. However, for the month of March 2010, Plaintiffs seek an amount greater than $750.00 as liquidated damages, which is inconsistent with the terms of the Bargaining Agreement.  Because Plaintiffs have already sought the maximum amount of $750.00 for March 2010 as liquidated damages for reported hours, the Court calculates the amount of liquidated damages for unreported hours for the months of September 2009 through April 2010 by excluding the March 2010 amount for liquidated damages,

1  for a total of $107.02 in liquidated damages for unreported hours for the months of September 2009
2  through April 2010.  *See* Stafford Decl. 2 Ex. H.  Additionally, the Court has determined that the
3  amount of liquidated damages for August 2010 should be $93.90 because a partial payment of
4  $170.00 was made before the due date.

5  Therefore, the Court recommends that Plaintiffs be awarded $2,197.99 in liquidated
6  damages.

### 3. Interest

8  Under the Bargaining Agreement, interest accrues on the total amount due at a rate of 5% per
9  annum, and begins accruing on the date the contribution was delinquent.  Stafford Decl. 1 ¶ 4.
10 Plaintiffs seek a total of $166.47 in interest, of which $90.93 represents interest through December
11 31, 2010 for unreported and unpaid hours for the months of September 2009 through April 2010,
12 $74.28 represents interest for reported but unpaid/late-paid hours for the months of February 2010
13 through May 2010, and $1.26 represents interest for reported but unpaid/underpaid hours for
14 September 2010.  As to late-paid contributions, considering Plaintiffs lost the investment return they
15 should have received, the Court finds Plaintiffs are entitled to interest at a rate of 5% per annum
16 under the Bargaining Agreement.

17 Plaintiffs have provided sufficient evidence to support their request for interest.  *See* Young-
18 Tem Decl. Ex. A; Stafford Decl. 2 Ex. H.  Accordingly, the Court recommends that Plaintiffs be
19 awarded a total of $166.47 in interest.

### 4. Attorneys' Fees and Costs

21 Finally, Plaintiffs ask for attorneys' fees in the amount of $12,041.50, costs in the amount of
22 $729.40, and audit testing fees in the amount of $1,754.00.  *See* Stafford Decl. 1; Dominguez Decl.
23 Under ERISA, an award of reasonable attorneys' fees and costs is mandatory.  *See* 29 U.S.C. §
24 1132(g)(2); *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996).

25 Plaintiffs have provided evidence that, at the time their Motion for Default Judgment was
26 filed, they had incurred at least $12,041.50 in fees.  *See* Stafford Decl. 3 Ex. C.  This amount was
27 based on 42 hours of attorney time, 35.4 hours of paralegal time, an hourly attorney rate of $185.00 -
28 $205.00, and an hourly paralegal rate of $110.00 - $115.00.  *See* Stafford Decl. 1 ¶ 23.  The Court

finds the charged hourly rates reasonable in the relevant community for similar work performed by attorneys, but the hours expended are significantly higher than usual in this type of case as admitted by Plaintiffs. In order to determine reasonable hours, the Court must examine the actual billing record to decide whether the time spent was "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also* Civ. L.R. 54-5. Here, Plaintiffs argue that their attorneys spent more time than expected because Defendants failed to maintain records, report hours, cooperate with Plaintiffs' audit, and make required payments. The Court notes that the great majority of the attorneys' and paralegals' hours were expended in communicating with Defendant Golden Vas Painting and its third party contractors in order to resolve the case without the court's intervention, which successfully led to the partial payments. Therefore, the Court finds the amount of hours expended reasonable. Consequently, the Court recommends that fees be awarded in the full amount requested, $12,041.50.

As for costs and audit testing fees, the total requested consists of the following amounts: (1) $350.00 for the filing fee; (2) $330.00 for personal service; (3) $30.50 for messenger service; (4) $15.13 for UPS charges; (5) $3.77 for legal research; and (6) $1,754.00 for audit testing fees. Stafford Decl. 1 ¶ 17. Under the Bargaining Agreement, Plaintiffs are entitled to recover "audit fees, court costs, collection agency fees, and all other reasonable expenses or contributions of whatever nature incurred in connection with such suit or claim." Stafford Decl. 1 Ex. C, Article III, Section E. The Court finds the costs and the audit testing fees reasonable. Therefore, the Court recommends that Plaintiffs be awarded $729.40 in costs and $1,754.00 in audit testing fees.

Accordingly, the Court recommends that Plaintiffs be awarded fees in the amount of $12,041.50, costs in the amount of $729.40, and audit testing fees in the amount of $1,754.00.

### III. CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiffs' Motion for Default Judgment be granted in part and denied in part without prejudice. The Court further recommends that Plaintiffs be awarded a default judgment against Defendant Golden Vas Painting as follows: (1) unpaid contributions in the amount of $3,585.10; (2) liquidated damages in the amount of $2,197.99;

(3) interest in the amount of $166.47 and (4) attorneys' fees, costs, and audit testing fees in the amounts of $12,041.50, $729.40, and $1,754.00, respectively.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Civ. L.R. 72-2.

Dated: March 17, 2011

_____
DONNA M. RYU
United States Magistrate Judge