IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al., <br><br>    Plaintiffs, <br><br>  v. <br><br> GOLDEN VAS PAINTING, a California partnership; CHRISTINA MARGARET VASILATOS, individually and as qualifying partner; and HELENI MARIA TOFAVAHA, individually and as qualifying partner, <br><br>    Defendants. <br> _____/ | No. C 10-2923 CW <br><br> ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT, GRANTING PLAINTIFFS' MOTIONS TO EXPEDITE, GRANTING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT, AND REMANDING FOR FURTHER PROCEEDINGS |

The Court has reviewed Magistrate Judge Donna Ryu's Report and Recommendation Regarding Plaintiffs' Motion for Default Judgment (Docket No. 43), as well as Plaintiffs Bay Area Painters and Tapers Pension Trust Fund, et al.'s objections to the recommendation that default judgment is not appropriate against Defendants Christina Margaret Vasilatos and Heleni Maria Tofavaha. Plaintiffs object on the grounds that Vasilatos and Tofavaha are members of Defendant Golden Vas Painting, a partnership. Thus, Plaintiffs contend, default judgment should be entered against them.

The Court finds the Magistrate Judge's report correct, well-reasoned and thorough, and adopts it in its entirety. That Vasilatos and Tofavaha may be partners of Golden Vas Painting does not mean that they satisfy the definition of "employer" under the

Employee Retirement Income Security Act (ERISA). <u>See</u> 29 U.S.C. § 1002(5). Plaintiffs point to section 5 of article 20 of the collective bargaining agreement (CBA), which states, "If this Agreement is signed by a member of a partnership, it shall apply to them and each of them individually." Stafford Decl. in Support of Supp. Objection, Ex. A, at 53. It does not appear that Plaintiffs presented this argument to the Magistrate Judge. However, this provision is not relevant because there is no allegation or evidence that Vasilatos or Tofavaha signed the CBA. Accordingly, Plaintiffs' objections are OVERRULED. Plaintiffs' claims against Vasilatos and Tofavaha are dismissed with leave to amend to plead additional facts demonstrating their individual liability.

    Plaintiffs move to expedite the entry of judgment, indicating that Golden Vas Painting soon will be receiving funds that could be used to satisfy Golden Vas Painting's debt to Plaintiffs. Without the immediate entry of judgment against Golden Vas Painting, Plaintiffs assert, these funds could be dissipated. Plaintiffs' motions to expedite are GRANTED. (Docket Nos. 49 and 50.)

    For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion for Default Judgment is GRANTED to the extent it pertains to Golden Vas Painting. Based on Plaintiffs' representations and because there is no just reason for delay, judgment shall enter forthwith against Golden Vas Painting in accordance with the Report and Recommendation. Because this judgment does not dispose of all the claims in this case, it is a partial judgment entered pursuant to Federal Rule of Civil Procedure 54(b).

    The Court DENIES without prejudice Plaintiffs' Motion for

Default Judgment to the extent it pertains to Vasilatos and Tofavaha. Within seven days of the date of this Order, Plaintiffs may amend their complaint to plead additional allegations that support imposing individual liability on Vasilatos or Tofavaha. Plaintiffs may support their allegations by proffering relevant evidence. If Plaintiffs file an amended complaint, they may again move for default judgment, and the motion will be referred to the Magistrate Judge. Plaintiffs' failure to file an amended complaint in accordance with this Order will result in the dismissal of their claims against Vasilatos, Tofavaha or both for failure to prosecute.

    Plaintiffs seek attorneys' fees and costs incurred after December 2, 2010. It does not appear that Plaintiffs presented a request for these fees and costs to the Magistrate Judge. Accordingly, Plaintiffs' request for additional fees and costs is remanded to the Magistrate Judge for consideration. Within seven days of the date of this Order, Plaintiffs shall submit time records to the Magistrate Judge, similar to those contained in Exhibit C of the Second Supplemental Declaration of Michele R. Stafford, to support their request for additional attorneys' fees and costs. If necessary, the Magistrate Judge may seek additional briefing or schedule a hearing at her convenience. The Magistrate Judge shall prepare a report and recommendation.

    IT IS SO ORDERED.

Dated: 5/24/2011

                                      CLAUDIA WILKEN
                                      United States District Judge

cc: Magistrate Judge Ryu