United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND AND ITS JOINT BOARD OF TRUSTEES ET AL,

Plaintiffs,

v.

GOLDEN VAS PAINTING ET AL,

Defendants.

_______________________________________/

No. C-10-02923 CW (DMR)

**REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Plaintiffs are the collective bargaining representative and the trustees of employee benefit trust funds. They filed suit against Defendants Golden Vas Painting ("Golden Vas"), Christina Margaret Vasilatos ("Vasilatos"), and Heleni Maria Tofavaha ("Tofavaha"), as employers pursuant to the Employee Retirement Income Security Act ("ERISA"), *see* 29 U.S.C. §§ 1132, 1145 and the National Labor Relations Act ("NLRA"), *see* 29 U.S.C. § 185; and against Defendant Michael Gene Dearmore ("Dearmore") as signatory to the parties' collective bargaining agreement (collectively "Defendants"). Plaintiffs allege Defendants failed to make required contributions to the trust funds in violation of the parties' bargaining agreement and ERISA.

The court has already entered default judgment against Golden Vas. [Docket No. 52.] For the reasons stated below, the undersigned recommends that the court grant in part Plaintiffs' Motion

United States District Court
For the Northern District of California

for Default Judgment, and enter default judgment against Dearmore. It is further recommended that the court deny Plaintiffs' Motion for Default Judgment against Tofavaha and Vasilatos.

## I. FACTUAL & PROCEDURAL BACKGROUND

### A. Factual Background

The facts of the case are taken from Plaintiffs' First Amended Complaint ("FAC") [Docket No. 56], filed on May 26, 2011. In the FAC, Plaintiffs allege that the trust funds are employee benefit plans within the meaning of ERISA. (FAC ¶¶ 1, 2.) Plaintiffs also allege that the union (the collective bargaining representative) is a labor organization within the meaning of NLRA, 29 U.S.C. § 152(5). (FAC ¶ 4.)

Plaintiffs allege that the union and Golden Vas entered into a Project Labor Agreement ("Bargaining Agreement") which requires the monthly payment of contributions to the union and the trust funds, based upon hours worked by its employees. (FAC ¶¶ 15, 17.) The Bargaining Agreement was signed by Dearmore, the manager of Golden Vas. (FAC ¶ 7.) Dearmore also executed the Agreement of Employers Regarding Bay Area Painters and Tapers Trust Funds ("Agreement of Employers") on behalf of Golden Vas. (FAC ¶ 8.) The Agreement of Employers incorporates the Bargaining Agreement and provides that: "The individual whose signature appears below on behalf of the employers, agrees to be personally and individually liable for [ERISA] contributions." (FAC ¶ 8; Stafford Decl. Ex. A-2 (Agreement of Employers), Aug. 16, 2011.) Plaintiffs allege that Defendants failed to report or make the necessary contributions as required by the Bargaining Agreement for the months of April and May 2010. (FAC ¶ 21.) Plaintiffs further allege that they are entitled to recover any additional owed contributions, liquidated damages and interest payable on late or unpaid contributions, and reasonable attorneys' fees and costs pursuant to the Bargaining Agreement. (FAC ¶ 21, Prayer at 7, 8.)

Under the Bargaining Agreement, an employer is required to make fringe benefit contributions to the union and trust funds for work performed by covered employees at rates set forth by the agreement. (Stafford Decl. Exs. A-1 & A-2 (Bargaining Agreement and Agreement of Employers); Exs. B-1 & B-2 (excerpt of Northern California Painters Master Agreement), Article 17; Ex. C (excerpt of District Council 16 Northern California Health and Welfare Trust Fund

United States District Court
For the Northern District of California

Agreement), Article III, Aug. 16, 2011.) Contributions are considered delinquent if not received by the end of the month following the hours worked. (Stafford Decl. Ex. C, Article III, Section C(1), Aug. 16, 2011.) In the case of delinquent contributions, the Bargaining Agreement mandates that Defendants pay interest on the delinquent contributions, attorneys' fees and costs, and liquidated damages. (Stafford Decl. ¶ 6, Ex. C, Article III, Sections C(2) & (3), and Section E, Aug. 16, 2011.)

Liquidated damages shall be an amount equal to either: (1) 20% of the delinquent contributions or $150.00, whichever is greater, or (2) if an employer pays its delinquent contributions prior to the filing of a lawsuit, 10% of the delinquent contributions, with a maximum of $750.00 and minimum $150.00 per month. (Stafford Decl. ¶ 6, Ex. C, Article III, Section C(2), Aug. 16, 2011.) In addition, interest accrues on delinquent contributions at a rate of 5% per annum. (Stafford Decl. ¶ 6, Aug. 16, 2011.) The employer is also liable for costs incurred in connection with the delinquency, including attorneys' fees. (Stafford Decl. ¶ 6, Ex. C, Article III, Section E, Aug. 16, 2011.)

**B. Procedural Background**

Plaintiffs filed suit against Golden Vas, Vasilatos, and Tofavaha on July 2, 2010. After the defendants failed to respond to Plaintiffs' complaint, default was entered on November 5, 2010. Plaintiffs thereafter moved for default judgment. [Docket Nos. 19 & 20.] On March 17, 2011, this court issued a Report and Recommendation recommending default be granted as to Golden Vas and denied as to Vasilatos and Tofavaha. The court found Plaintiffs had failed to adequately plead the individual Defendants' status as employers under ERISA. Plaintiffs subsequently objected on the grounds that default judgment should be granted as to Vasilatos and Tofavaha as members of Golden Vas, a partnership. [Docket No. 54.] The district court overruled Plaintiffs' objections and adopted the court's Report and Recommendation on May 24, 2011. In adopting the Report and Recommendation, the court explained, "[t]hat Vasilatos and Tofavaha may be partners of Golden Vas does not mean that they satisfy the definition of 'employer' under ERISA." The court dismissed Plaintiffs' claims against Vasilatos and Tofavaha with leave to amend "to plead additional facts demonstrating their individual liability."

United States District Court
For the Northern District of California

On March 27, 2011, Plaintiffs filed a FAC alleging additional facts relating to the individual Defendants' liability pursuant to the California Corporations Code and adding Michael Dearmore as a co-defendant. (FAC ¶¶ 6-8.) After Defendants again failed to respond to Plaintiffs' complaint, the clerk of the court entered default. On August 16, 2011, Plaintiffs moved for entry of default judgment. [Docket No. 72.] In their Motion for Default Judgment, Plaintiffs ask that the court order the three individual Defendants to pay delinquent contributions owed, liquidated damages, interest, and attorneys' fees and costs including audit testing fees. Plaintiffs assert that as of August 11, 2011, Defendants owe Plaintiffs $5,949.56 in fringe benefit contributions, liquidated damages, and interest. Plaintiffs also seek $3,642.11 in costs, $1,754.00 in audit testing fees, and attorneys' fees incurred since default judgment was entered against Golden Vas. (Pls.' Mot. 12.) Defendants did not submit an opposition to Plaintiffs' motion.

## II. DISCUSSION

### A. Jurisdiction and Adequacy of Service of Process

When entry of default is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). In addition, as a preliminary matter, a court must "assess the adequacy of service of process on the party against whom default is requested." *Board of Tr. of the N. Cal. Sheet Metal Workers v. Peters*, No. C-00-0395, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001).

As Plaintiffs' FAC alleges an ERISA violation under 29 U.S.C. §§ 1132 and 1145, this court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1001. Defendants are located in this District; therefore this court has personal jurisdiction over the parties. 29 U.S.C § 1132(e)(2) (ERISA provision permits an enforcement action to be brought in federal court in a district "where a defendant resides or may be found.").

Regarding the adequacy of service of process, Rule 4(e)(1) allows for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1); *see also* Fed. R. Civ. P. 4(h)(1)(A) (authorizing service of process on partnerships "in the manner prescribed by

Rule 4(e)(1) for serving an individual"). Under California law, "[a] summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served." Cal. Code Civ. Proc. § 415.10. A summons can be served on a partnership "by delivering a copy of the summons and of the complaint . . . to the person designated as agent for service of process . . . or to a general partner or the general manager of the partnership." Cal. Code Civ. Proc. § 416.40(a).

The court has reviewed the proofs of service and finds that the summons and FAC were properly served on all Defendants with personal service. Plaintiffs have submitted evidence that Tofavaha is a general partner of Golden Vas, and thus, service of the complaint on her in her capacity as a general partner of Golden Vas was proper to effect service on that entity as well as on Tofavaha in her personal capacity. (Stafford Decl. ¶ 19, Ex. E, Aug. 16, 2011.)

**B.     *Eitel* Analysis**

As noted above, the court has entered default against Defendants. After entry of a default, a court may grant a default judgment on the merits of the case. Fed. R. Civ. P. 55. A court, however, may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521. None of the Defendants are minors, incompetent persons, or persons in military service. (Stafford Decl. ¶ 40, Aug. 16, 2011.) Accordingly, the court turns to the merits of the case.

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors that a court may consider in exercising that discretion include:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Upon entry of default, the factual allegations within the complaint are accepted as true, except those relating to the amount of damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir.1987). Necessary facts

not contained in the pleadings and claims which are legally insufficient are not established by default. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**1. Defendant Michael Dearmore**

Many of the above factors weigh in favor of default judgment against Dearmore. In the FAC, Plaintiffs did not allege that Dearmore is an "employer" subject to liability under ERISA. Therefore, the only cause of action against Dearmore is a breach of contract action for violation of the Bargaining Agreement. To prevail in an action for breach of a collective bargaining agreement, a plaintiff must show that (1) there was a contract, (2) plaintiff performed; (3) defendant breached, and (4) there was resulting damage. *See Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1399 (1990). Plaintiffs' FAC establishes each of these elements. First, the FAC alleges that there was a binding agreement between the parties: the Bargaining Agreement requiring contributions to be made to Plaintiffs. Dearmore executed the Agreement of Employers, which incorporates the Bargaining Agreement and provides that "[t]he individual whose signature appears below on behalf of the employers, agrees to be personally and individually liable for [ERISA] contributions." As such, Dearmore agreed to be personally liable for contract breaches. Second, the FAC alleges that Plaintiffs performed work for Defendants pursuant to the Bargaining Agreement. Third, the FAC alleges that Defendants violated the agreement by failing to make timely contributions. Fourth, Plaintiffs were damaged by not being paid the contributions owed to them. Plaintiffs, therefore, have alleged facts in support of all the elements of breach of contract against Dearmore. Accepting all factual contentions as true, Plaintiffs have made a strong showing of likelihood of success on the merits as to Dearmore.

In addition, there is little to suggest a possibility of a dispute concerning material facts because Dearmore has not filed an answer to Plaintiffs' FAC. Dearmore has refused to litigate this action after being properly served with the FAC, the notice of default, and the Plaintiffs' present Motion. It is unlikely that the default was the result of excusable neglect. Although federal policy may favor decisions on the merits, Federal Rule of Civil Procedure 55(b) permits entry of default judgment in situations such as this where the defendant refuses to litigate.

Taking into account the foregoing *Eitel* factors, the court recommends that the Motion for Default Judgment against Dearmore be granted.

**2. Defendants Tofavaha and Vasilatos**

The court finds that some important *Eitel* factors weigh against granting the Motion for Default Judgment as to Vasilatos and Tofavaha, given that the FAC does not allege necessary factual support for their roles as "employers" in relation to the employee benefit plan. Specifically, the second and third *Eitel* factors (the merits of Plaintiffs' claim and the sufficiency of the complaint), weigh against default judgment because Plaintiffs have not sufficiently established that Vasilatos and Tofavaha are, in their individual capacities, "employer[s]" within the meaning of ERISA and thereby obligated to contribute under the plan's terms.

"[E]mployer means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." 29 U.S.C. § 1002(5); *see also* 29 U.S.C. § 152(2). Here, Plaintiffs' FAC contains a sole conclusory statement describing Defendants Tofavaha and Vasilatos as "Qualifying Partner[s]", and naming them as "employers by virtue of ERISA . . . ." (FAC ¶ 5.) However, the FAC does not contain a single factual allegation that supports the otherwise conclusory statement that the two individuals are "employers" within the specific meaning of the ERISA statute. With respect to motions for default, "well-pleaded" non-damage related allegations are accepted as true. *See TeleVideo Sys., Inc.*, 826 F.2d at 917-18. But a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F2d 1200, 1206 (5th Cir. 1975)).

The record contains only one document that makes reference to the two individual Defendants. Plaintiffs provided a computer printout from the Contractors State License Board website entitled "Contractor's License Detail" for Golden Vas. The printout indicates that Vasilatos is a "qualifying partner" and Tofavaha is a "general partner" for purposes of Golden Vas's contractor's license. (Stafford Decl. ¶ 7, Ex. E, Aug. 16, 2011.) However, Plaintiffs have not provided any explanation about the connection between Defendants' titles for licensing purposes and how, if at all, they relate to liability as employers under ERISA.

Further, neither Tofavaha nor Vasilatos is a signatory to the Bargaining Agreement; the agreement was executed by Dearmore, a manager of Golden Vas. (FAC ¶ 7; Stafford Decl. Ex. A-1 (Bargaining Agreement), Aug. 16, 2011.)

United States District Court
For the Northern District of California

In adopting the undersigned's Report and Recommendation denying default judgment as to Defendants Tofavaha and Vasilatos, the district court granted Plaintiffs leave to file an amended complaint and provided specific instructions to Plaintiffs to provide additional facts as to the individual Defendants' liability as "employer[s]" under ERISA. [Docket No. 51.] The court explained, "[t]hat Vasilatos and Tofavaha may be partners of Golden Vas does not mean that they satisfy the definition of "employer" under ERISA . . . [a]ccordingly Plaintiffs' objections are OVERRULED. Plaintiffs' claims against Vasilatos and Tofavaha are dismissed with leave to amend *to plead additional facts demonstrating their individual liability*." *Bay Area Painters & Tapers Pension Trust Fund v. Golden Vas Painting*, C 10-2923, 2011 WL 2015860, at *1 (N.D. Cal. May 24, 2011) (emphasis added). Given that Plaintiffs are seeking a default judgment against Defendants based upon their *liability for ERISA violations,* it is clear that the court granted Plaintiffs leave to plead additional facts in support of Defendants' liability under ERISA, i.e. to show that the individual Defendants satisfy the definition of "employer" under ERISA. However, Plaintiffs' FAC provides no additional facts as to the individual Defendants' *personal liability under ERISA* and instead alleges facts to support a collection action against Defendants pursuant to the California Corporations Code. The court can only surmise that Plaintiffs believe Vasilatos and Tofavaha are legally responsible for satisfying the judgment entered against their partnership, Golden Vas.[1] But the question before the court is *not* whether the individual partners must pay Golden Vas' monetary judgment; it is whether judgment may also be entered directly against them.

In sum, Plaintiffs have provided no factual or legal support that Vasilatos and Tofavaha have met the statutory definition of employer by "acting directly as an employer, or indirectly in the interest of an employer *in relation to an employee benefit plan."* 29 U.S.C. § 1002(5) (emphasis added). Thus, substantial doubts remain as to whether the individual Defendants are "employers" subject to suit under ERISA. *See Dist. Council 16 N. Cal. Health and Welfare Trust Fund v. Alvarado*, No. 09-02552, 2010 WL 2765522, at *3 (N.D. Cal. July 13, 2010) (defendant subcontractor's motion to set aside default judgment granted on the grounds that defendant was not culpable and had alleged facts sufficient to present a meritorious defense that he was not an

[1] As stated in this court's previous Report and Recommendation, this opinion does not address the question of the individual partners' liability for any judgment against the partnership.

employer under ERISA; defendant alleged that he did not exercise adequate control over employees' working hours, assignments and compensation).

Therefore, as Plaintiffs have pled insufficient facts to support Defendants Tofavaha and Vasilatos' liability for ERISA violations, the court recommends that the Motion for Default Judgment against those Defendants be denied.

**C. Damages**

Because the court concludes that default judgment against Dearmore is warranted, it must determine what damages are appropriate. Under 29 U.S.C. § 1132(g)(2), a plan that obtains judgment in its favor in a Section 1145 claim is entitled to an award of (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages as specified in the plan (generally not to exceed 20 percent of the unpaid contributions), (D) reasonable attorneys' fees and costs, and (E) other appropriate legal or equitable relief. *See* 29 U.S.C. § 1132(g)(2). In their Motion for Default Judgment, Plaintiffs ask for unpaid contributions, interest, liquidated damages, and attorneys' fees and costs of suit and audit testing fees.

**1. Unpaid Contributions**

Plaintiffs seek a total of $3,585.10 in unpaid contributions, of which $2,818.66 represents contributions for unreported hours in the months of September 2009 through April 2010, and $766.44 represents contributions for reported but unpaid hours in the months of August 2010 and September 2010. "Courts in this district have held that a plaintiff may receive a judgment for contributions which became due after the lawsuit was filed and remain unpaid at the time of judgment." *Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Plaintiffs have provided sufficient evidence to support this request. (Young-Tem Decl. Ex. A, Aug. 11, 2011; Dominguez Decl. Ex. A, Aug. 11, 2011.)

Accordingly, the court recommends that Plaintiffs be awarded $3,585.10 in unpaid contributions.

**2. Liquidated Damages**

The Bargaining Agreement provides for liquidated damages of 10%, with a maximum of $750.00 and minimum $150.00 per month, or after a lawsuit has been filed, 20% of the unpaid

United States District Court
For the Northern District of California

balance.[2] (Stafford Decl. Ex. C, Article III, Section C(2), Aug. 16, 2011.) Plaintiffs seek liquidated damages in the amount of $2,197.99. (Pls.' Mot. 12.)

Plaintiffs may recover liquidated damages for unpaid contributions which fell due *after* the complaint was filed because requiring trust funds "to file multiple lawsuits to recover post-complaint liquidated damages...would needlessly burden the parties and the courts. . . [and]. . . would undermine policy goals of deterring ERISA violations and of recompensing prevailing plans." *Roofers Local Union No. 81 v. Wedge Roofing, Inc.*, 811 F. Supp. 1398, 1401-02 (N.D. Cal. 1992). As to late-paid contributions, Plaintiffs are entitled to liquidated damages and interest under a breach of contract claim pursuant to federal common law. *Idaho Plumbers & Pipefitters Health & Welfare Fund v. United Mech. Contractors, Inc.*, 875 F.2d 212, 217 (9th Cir. 1989). A liquidated damages provision in a contract "must meet two conditions for enforceability . . . [f]irst, the harm caused by a breach must be very difficult or impossible to estimate [and] [s]econd, the amount fixed must be a reasonable forecast of just compensation for the harm caused." *Id.* Here, the harm caused by the breach is difficult to estimate because Plaintiffs must perform a variety of administrative, accounting, and legal actions when delinquencies occur. (Stafford Decl. Ex. C, Article III, Section C, Aug. 16, 2011.) In particular, the Bargaining Agreement entered into by the parties provides that delinquent contributions potentially cause the damages of inability to pay benefits under the plan, which is very difficult to estimate in advance. (Stafford Decl. Ex. C, Article III, Section C, Aug. 16, 2011.) Second, the court finds that 10% of late-paid contributions is a reasonable forecast of just compensation for the potential harm. *See United Order of Am. Bricklayers & Stone Masons Union No. 21 v. Thorleif Larsen & Son, Inc.*, 519 F.2d 331 (9th Cir. 1975) (upholding liquidated damages provision in collective bargaining agreement of ten percent).

Plaintiffs have provided sufficient evidence to support their request for liquidated damages in the amount of $2,197.99. (Dominguez Decl. Ex. A.) Therefore, the court recommends that Plaintiffs be awarded $2,197.99 in liquidated damages.

**3. Interest**

---

[2] Plaintiffs are not seeking to apply the minimum amount of liquidated damages of $150.00 after the filing of a lawsuit.

Under the Bargaining Agreement, interest accrues on the total amount due at a rate of 5% per annum, and begins accruing on the date the contribution was delinquent. (Stafford Decl. ¶ 6, Aug. 16, 2011.) Plaintiffs seek a total of $166.47 in interest, of which $90.93 represents interest through December 31, 2010 for unreported and unpaid hours for the months of September 2009 through April 2010, $74.28 represents interest for reported but unpaid/late-paid hours for the months of February 2010 through May 2010, and $1.26 represents interest for reported but unpaid/underpaid hours for September 2010. As to late-paid contributions, considering Plaintiffs lost the investment return they should have received, the court finds Plaintiffs are entitled to interest at a rate of 5% per annum under the Bargaining Agreement.

Plaintiffs have provided sufficient evidence to support their request for interest. (Young-Tem Decl. Ex. A; Dominguez Decl. Ex. A.) Accordingly, the court recommends that Plaintiffs be awarded a total of $166.47 in interest.

**4. Attorneys' Fees and Costs**

Finally, Plaintiffs ask for $3,642.11 in costs, $1,754.00 in audit testing fees and attorneys' fees incurred since default judgment was entered against Golden Vas. (Pls.' Mot. 1.) Under ERISA, an award of reasonable attorneys' fees and costs is mandatory. *See* 29 U.S.C. § 1132(g)(2); *Nw. Adm'rs, Inc. v. Albertson's, Inc.*, 104 F.3d 253, 257 (9th Cir. 1996).

Plaintiffs provided evidence that, since the court entered default judgment against Golden Vas, they have incurred at least $16,713.00 in fees – $15,434.50 for the period of December 3, 2010 through August 11, 2011, and $1,278.50 for the period of August 12, 2011 through Sept. 14, 2011. (Stafford Decl. Ex. A, Sept. 14, 2011.) This amount was based on 56.6 hours of attorney time, 46.9 hours of paralegal time, an hourly attorney rate of $185.00 - $205.00, and an hourly paralegal rate of $110.00 - $115.00. (Stafford Decl. Ex. A, Sept. 14, 2011.) The court finds the charged hourly rates reasonable in the relevant community for similar work performed by attorneys, but the hours expended are significantly higher than usual in this type of case as admitted by Plaintiffs. In order to determine reasonable hours, the court must examine the actual billing record to decide whether the time spent was "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also* Civ. L.R. 54-5. Here, Plaintiffs argue that their attorneys spent more time

than expected because Defendants failed to maintain records, report hours, cooperate with Plaintiffs' audit, and make required payments. The court notes that the great majority of the attorneys' and paralegals' hours were expended in communicating with Golden Vas and its third party contractors in order to resolve the case without the court's intervention, which successfully led to the partial payments. Therefore, the court finds the amount of hours expended reasonable. Consequently, the court recommends that $28,754.50 in fees be awarded – $12,041.50 for the period of April 2, 2010 through December 2, 2010, and $16,713.50 in fees for the period of December 3, 2011 through September 14, 2011.

As for costs and audit testing fees, the total requested consists of the following amounts: (1) $729.40 for fees awarded against Golden Vas; (2) $633.00 for personal service of the FAC; (3) $1,025.72 for legal research and investigator fees; (4) $345.00 for levy processing fees and service[3]; (5) $113.24 for judgment lien and abstract recording fees; (6) $785.75 for messenger fees; and (7) $1,754.00 for audit testing fees. (Stafford Decl. ¶ 38, Aug. 16, 2011.) Under the Bargaining Agreement, Plaintiffs are entitled to recover "audit fees, court costs, collection agency fees, and all other reasonable expenses or contributions of whatever nature incurred in connection with such suit or claim." (Stafford Decl. Ex. C, Article III, Section E, Aug. 16, 2011.). The court finds the costs and the audit testing fees reasonable. Therefore, the court recommends that Plaintiffs be awarded $3,632.11 in costs and $1,754.00 in audit testing fees.

Accordingly, the court recommends that Plaintiffs be awarded fees in the amount of $28,754.50, costs in the amount of $3,632.11, and audit testing fees in the amount of $1,754.00.

## III. CONCLUSION

For the foregoing reasons, the court recommends that Plaintiffs' Motion for Default Judgment be granted in part and denied in part without prejudice. The court further recommends that Plaintiffs be awarded a default judgment against Dearmore as follows: (1) unpaid contributions in the amount of $3,585.10; (2) liquidated damages in the amount of $2,197.99; (3) interest in the

---

[3] Plaintiffs seek $355.00 for levy processing fees and service, but submitted records to support an award of only $345.00. (Stafford Decl. Ex. A, Sept. 14, 2011.)

amount of $166.47; and (4) attorneys' fees, costs, and audit testing fees in the amounts of $28,754.50, $3,632.11, and $1,754.00, respectively.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Civ. L.R. 72-2.

Dated: November 7, 2011

DONNA M. RYU
United States Magistrate Judge

United States District Court
For the Northern District of California